IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

**Pedro L Villa and Wendylyn Villa**

    Debtor(s).

CASE NO. 09-08598-JAF
CHAPTER 7

_____/

**MOTION FOR RELIEF FROM STAY**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 N. Hogan Street, Suite 3-350, Jacksonville, FL 32202-4267 and serve a copy on the Movant's attorney, Florida Default Law Group, P.L., P.O. Box 25018, Tampa, Florida 33622-5018.

If you file and serve an appropriate objection within the time permitted, **and the objection reveals factual or legal issues requiring a hearing**, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and the responses on the papers without further notice or hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, REGIONS BANK D/B/A REGIONS MORTGAGE LOAN ("Movant"), its successors and/or assigns, seeking modification of the automatic stay pursuant to § 362(d)(1) and (d)(2) of the Bankruptcy Code and would show the Court as follows:

    1.    On October 12, 2009, Pedro L Villa and Wendylyn Villa ("Debtor" as used herein shall include both Debtors in a joint case), filed for relief under Chapter 7 of the U.S. Bankruptcy Code.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362, and Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 26, 2007, Pedro Luis Villa and Wendylyn Villa, executed and delivered a Promissory Note payable to the order of Regions Bank d/b/a Regions Mortgage in the principal amount of $417,000.00 (the "Note"). To secure the payment of the Note, Pedro Luis Villa and Wendylyn Villa executed and delivered a Mortgage (the "Mortgage"). A copy of the Mortgage, together with the Note and Assignments as applicable, are attached hereto as Composite Exhibit "A".

4. Movant is entitled to enforce the Note and Mortgage.

5. The Debtor has not declared the following described property as exempt:

**LOT 7, BLOCK 1, MILL'S COVE ACCORDING TO PLAT THEREOF AS RECORDED IN MAP BOOK 15, PAGE 41 OF THE PUBLIC RECORDS OF ST. JOHNS COUNTY, FLORIDA**

**a/k/a 1360 Roberts Rd, Jacksonville, FL 32259.**

6. The Trustee abandoned any interest in the property on November 19, 2009.

7. The Debtor is in default. The last payment received was applied to the June 1, 2008 payment.

8. As set forth in the Affidavit attached to this Motion, Movant's principal and interest is in excess of $453,983.18 and its indebtedness continues to accrue interest. Movant's principal and interest alone, exclusive of any late charges, escrow advances, attorney's fees, costs, or other fees and charges that might be contractually due under the terms of the loan documents, if any, demonstrates that there is little or no equity in the collateral. Said Affidavit is attached hereto as Exhibit "B".

9. According to the Debtor's Schedule D, the value of the property is $550,654.00.

10. When considering other liens in the amount of $411,046.09, as set forth in the Debtor's Schedule D, and after adding legal fees, carrying costs, closing charges, and Realtor commissions, it is evident that there is little or no equity for the benefit of other creditors. Moreover, Movant contends that any equity over and above the indebtedness, should any exist, does not constitute adequate protection as contemplated by the U.S. Bankruptcy Code.

11. The Debtor has failed to timely meet and satisfy the payment requirements with respect to the obligations set forth in the Note. Movant's indebtedness continues to accrue interest while receiving no payments to protect it against the erosion of its collateral position. Furthermore, Movant is not otherwise being adequately protected while the Debtor continues to enjoy the benefits of the collateral.

12. The Debtor filed a Chapter 7 case and therefore, no reorganization is contemplated.

13. If Movant is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

14. Movant requests this Court to allow future communications with the Debtor in order to offer and provide information in regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement or other Loan Workout/Loss Mitigation Agreement, and furthermore, to enter into such agreement with the Debtor. Movant acknowledges that such communications shall be limited and it shall not enforce or threaten to enforce any personal liability against the Debtor that is discharged in this bankruptcy.

15. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 10-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

16. Movant has incurred attorney's fees in the amount of $500.00 and costs in the amount of $150.00 as a result of the necessity of filing this Motion. Said attorney's fees and costs may be recoverable pursuant to state law and the mortgage documents.

**WHEREFORE,** Movant prays that this Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and to have such other and further relief as is just.

                                          Florida Default Law Group, P.L.
                                          Post Office Box 25018
                                          Tampa, FL 33622-5018
                                          (813) 251-4766 Ext: 3485

                                          By: <u>/s/ Teresa M. Hair</u>
                                          Teresa M. Hair
                                            Florida Bar No. 44079
                                          ATTORNEY FOR REGIONS BANK D/B/A
                                          REGIONS MORTGAGE LOAN

B09111475

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Stay and any and all Exhibits referenced therein have been furnished by regular U. S. Mail to all parties listed below on this 30 day of November, 2009.

Pedro L Villa
922 Garrison Dr
Saint Augustine, FL 32092

Wendylyn Villa
922 Garrison Dr
Saint Augustine, FL 32092

I HEREBY CERTIFY that a copy of the foregoing Motion for Relief from Stay and any and all Exhibits referenced therein have been furnished by Electronic Mail to all parties listed below on this 30 day of November, 2009.

Donald M. DuFresne
8777 San Jose Boulevard Suite 301
Jacksonville, FL 32217

Valerie H. Manuel, Trustee
450-106 State Rd 13 North #312
Jacksonville, FL 32259-3863

                                                Florida Default Law Group, P.L.
                                                P.O. Box 25018
                                                Tampa, Florida 33622-5018
                                                Phone (813) 251-4766
                                                Fax (813) 251-1541


                                                By: /s/ Teresa M. Hair
                                                Teresa M. Hair
                                                FLORIDA BAR NO. 44079